State of WISCONSIN, Plaintiff,

v.

AT&T CORPORATION, Defendant.

No. 02–C–288–S.

United States District Court,
W.D. Wisconsin.

July 31, 2002.

Edwin Hughes, Asst. Attorney General, Madison, WI, for Plaintiff.

Dennis P. Birke, Dewitt, Ross & Stevens, Madison, WI, for Defendant.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiff State of Wisconsin commenced this action for forfeitures and injunctive relief in the Circuit Court for Dane County, Wisconsin, alleging that defendant AT & T Corporation's consumer telecommunications contracts violate certain consumer protection provisions of the Wisconsin Administrative Code. Defendant removed the matter to this Court alleging that complete federal preemption renders the nominally state claims federal and supports federal question jurisdiction. The matter is presently before the Court on plaintiff's motion to remand for lack of jurisdiction. The following undisputed background is relevant to the jurisdictional issue.

## BACKGROUND

Prior to August 1, 2001 the Federal Communications Act and Federal Communications Commission rules required telecommunication providers including defendant to file tariffs with the FCC which specified rates, terms and conditions for long distance telephone service. On August 1, 2001, pursuant to authority granted by the Telecommunications Act of 1996, the FCC eliminated federal tariffs for interstate long distance service.

In the absence of filed tariffs defendant began mailing to its residential subscribers a "Consumer Services Agreement" which set forth contractual terms for long distance service. Among the terms of the Consumer Services Agreement are provisions that permit defendant to unilaterally change prices and charges with limited notice, require arbitration of disputes, preclude class actions and require application of New York law. Subscribers who continued to use defendant's services after August 1, 2001 became subject to the terms of the Consumer Services Agreement.

Plaintiff alleges among other things that the notice provisions of the agreement violate Wisconsin Administrative Code ATCP § 123.04 and that the arbitration and New York choice of law provisions violate ATCP § 123.10(9) by improperly waiving consumer protection rights. The complaint seeks monetary penalties and injunctive relief under Wisconsin law.

## MEMORANDUM

Plaintiff seeks remand on the basis that defendant's preemption defense is inadequate to support removal on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1441. Defendant argues that removal was proper under the complete preemption doctrine or because a substantial federal question is raised. The Court concludes that it lacks jurisdiction and remands to the Circuit Court for Dane County, Wisconsin.

█ A complaint states a federal claim within the meaning of 28 U.S.C. § 1331 only when a claim for relief depends on federal law. Anticipated federal defenses, including a preemption defense, will not convert a state claim into a federal question, even though the federal defense may be the predominant issue in the case. *Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir.2001). When a complaint raises only state claims federal question jurisdiction arises only if federal law has so occupied a field that it displaces all state law. *Id.* at 402. The Supreme Court has thus far found only federal labor and pension laws to be completely preemptive of state law. *Id.* at 403.

█ Plaintiff's complaint is based exclusively on state law and is removable only if a federal law completely occupies the field of consumer telephone contracts. When the filed tariff requirement was in place federal law occupied the field concerning state contract claims. *Cahnmann v. Sprint Corp.*, 133 F.3d 484, 489 (7th Cir.1998). This is because by law a filed

tariff displaces all other contracts and "defines the entire contractual relation between the parties, [so] there is no contractual undertaking left over that state law might enforce." *Id.* at 489. With the demise of filed tariffs, however, complete preemption clearly no longer exists. In the absence of a filed tariff which defines the contract between telecommunication providers and consumers the reasoning of *Cahnmann* does not apply. Indeed, the Consumer Services Agreement under attack by the complaint purports to be a state law contract governed by New York law, and the FCC has itself opined that state law, including state contract and consumer protection law, now governs long distance telephone service contracts. *Ting v. AT & T*, 182 F.Supp.2d 902, 909 (N.D.Cal.2002) (quoting FCC web page).

At least three courts have found that complete preemption does not exist in the wake of detariffing. *Ting,* 182 F.Supp.2d at 938; *Frontline Communications Intern., Inc. v. Sprint Communications Co., L.P.,* 178 F.Supp.2d 432, 438 (S.D.N.Y.2001); *Boomer v. AT&T Corp.,* 2002 WL 1315621 (N.D.Ill.2002). The FCC concurs in this opinion. *In the Matter of Petitions of Sprint PCS and AT&T Corp.,* FCC 02–203, fn. 39, 2002 WL 1438578 (F.C.C. July 3, 2002) (citing *Ting* with approval). The Court has not found nor have the parties cited contrary precedent. Accordingly, there is not complete preemption by the FCA which would warrant the exercise of federal question jurisdiction. Any issue of conflict preemption is a defense subject to resolution in state court. *Vorhees,* 272 F.3d at 403.

Defendant's argument that jurisdiction is supported by the existence of a "substantial federal issue" must suffer the same fate. In the present context of a preemption argument, invocation of substantial federal issue jurisdiction would swallow the well established rule that a conflict preemption defense does not support federal question jurisdiction. In fact, defendant relies on the same authority, *Cahnmann,* in support of its argument to retain jurisdiction. The argument is effectively a restatement of the failed complete preemption argument.

### ORDER

IT IS ORDERED that plaintiff's motion to remand for lack of jurisdiction is GRANTED.

IT IS FURTHER ORDERED that this matter is remanded to the Circuit Court for Dane County, Wisconsin.